NATION'S CHOICE VITAMIN CO.,
INC., Plaintiff,

v.

GENERAL MILLS, INC. and American
Greetings Corporation, Defendants.

No. 81 Civ. 4969 (KTD).

United States District Court,
S. D. New York.

Nov. 19, 1981.

Kornstein, Meister & Veisz, New York City, for plaintiff; Daniel J. Kornstein, New York City, of counsel.

Cowan, Liebowitz & Latman, P. C., New York City, for defendants; Arthur J. Greenbaum, Peter R. Porcino, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff Nation's Choice Vitamin Co., Inc. ["Nation's Choice"], a newly formed vitamin manufacturing company, acquired by a licensing agreement with defendant American Greetings Corporation ["American Greetings"] an exclusive license to reproduce the Strawberry Shortcake characters in promotion of their vitamin product. Defendant General Mills, Inc. ["General Mills"] also obtained from American Greetings an exclusive license to depict the Strawberry Shortcake characters on a cereal by the same name. Plaintiff alleges that the marketing of this new cereal infringes on plaintiff's copyright and trademark rights transferred by the licensing contract. Additionally, common law claims of unfair competition, tortious interference with contract, material misrepresentations and breach of contract are asserted. Plaintiff moves for partial summary judgment on the issue of liability, a preliminary injunction enjoining defendant General Mills from continued production of the cereal in question, court authorization for the seizure of all allegedly infringing products and a declaratory judgment extending its license agreement with American Greetings beyond its August 31, 1981 expiration date.[1] Defendants cross move to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## BACKGROUND

In 1979, American Greetings developed the Strawberry Shortcake characters. These characters, which were formally introduced in the Spring of 1980, have generated substantial profits. American Greetings' own merchandise, along with the products of at least 60 companies who have obtained licenses to manufacture their own goods bearing Strawberry Shortcake character art, have made the Strawberry Shortcake campaign an overwhelming success story. American Greetings Corporation, *Strawberry Shortcake: The First $100 Million* (1980); (Affidavit of Jack S. Chojnacki, ¶ 6). Plaintiff chose to package their vitamins using the Strawberry Shortcake art to capitalize on the recorded success of the characters and to effectively compete with other vitamin manufacturers. (Exhibit B, Defendants' Notice of Cross-Motion, Memorandum of Jay Springer dated March 3, 1980). After negotiations between plaintiff and American Greetings, a contract was entered into effective June 1, 1980 which provided in pertinent part:

1. LICENSED PRODUCTS

Licensed Products shall consist of the following item(s):

*Vitamin and mineral supplement products for human consumption*

2. COPYRIGHT LICENSE

American grants to Licensee a license to:

---

1. Nation's Choice originally brought this case against General Mills alone. At a hearing before me on August 21, 1981, it became evident that American Greetings should also be included in this action. An amended complaint was filed on that day.

(a) reproduce Character Properties in copies on Licensed Products, and on advertising, promotional and packaging materials for Licensed Products only;

(b) prepare derivative works based on Character Properties and reproduce embodiments of same as, or make copies of the same on, Licensed and on advertising, promotional and packaging materials for Licensed Products only; and

.     .     .     .     .

### 3. TRADEMARK LICENSE

American grants to Licensee a license under said Trademark Rights, to identify with the trademark(s) listed in Exhibit A attached hereto, Licensed Products respecting which Licensee has exercised its Copyright license.

.     .     .     .     .

### 5. EXCLUSIVITY

(a) The licenses granted under Paragraphs 2 and 3 shall be exclusive.

.     .     .     .     .

### 8. TERM OF AGREEMENT

(a) Unless canceled sooner under other of its provisions, this Agreement shall terminate with the close of business on August 31, 1981.

(emphasis added) (Exhibit A, Plaintiff's Amended Complaint, License Agreement).

Defendant General Mills, cognizant of the remarkable success of Strawberry Shortcake, negotiated a similar contract with American Greetings for an exclusive license to reproduce the characters on a "breakfast cereal." (Exhibit 1, Defendants' Notice of Cross-Motion, License Agreement). This agreement became effective on March 1, 1981. General Mills first distributed the Strawberry Shortcake cereal in April, 1981 to a limited geographical market.

Plaintiff's infringement complaint relies solely on the upper right hand corner of the front of the Strawberry Shortcake cereal box on which is printed:

PROVIDES 25% of daily nutritional needs for 7 essential vitamins and iron as established by U. S. Government.

Plaintiff alleges that this prominent display exploits the "vitamin and mineral supplement" context of Strawberry Shortcake cereal thereby infringing plaintiff's exclusive license, and warranting the relief requested.

### I. *Preliminary Injunction*

■■ Issuance of a preliminary injunction in the Second Circuit requires

.     .     .     .     .

showing of (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). In order for plaintiff to satisfy this test, some degree of irreparable harm must be shown. Irreparable harm has been satisfied in the past by a presentation of a *prima facie* case in copyright infringement cases, *Wainwright Securities, Inc. v. Wall Street Transcript Corp.*, 558 F.2d 91, 94 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 759 (1978); or by a "high probability of confusion" in a trademark infringement case, *Playboy Enterprises, Inc. v. Chuckleberry Publishing, Inc.*, 486 F.Supp. 414, 429 (S.D.N.Y.1980). Otherwise a plaintiff must show at least the possibility of irreparable injury, *Caulfield v. Board of Education of the City of New York*, 583 F.2d 605, 610 (2d Cir. 1978). Using any of these standards, the plaintiff has failed to meet its burden. No evidence suggests that plaintiff's license is infringed upon by the sale of Strawberry Shortcake cereal. Nation's Choice knew at the time it obtained the Strawberry Shortcake license that other products would be using the same name therefore increasing the likelihood of confusion between products. In fact, the popularity of the Strawberry Shortcake characters is precisely what plaintiff plans to capitalize on to sell its own product. The facts clearly show that defendant General Mills is marketing a cereal while Nation's Choice is marketing a chewable vitamin. The pro-

nouncement of the cereal's vitamin statistics does not convert the cereal into a competitor of Nation's Choice vitamin. Furthermore, plaintiff has not demonstrated, beyond general allegations of confusion and deception, that its product line was, is or will be in any way jeopardized by General Mills' continued sales of cereal. The absence of any irreparable injury mandates denial of plaintiff's motion for preliminary injunction.

## II. *Motion to Dismiss*

■ Defendants' cross motion to dismiss can only succeed if no facts alleged in the complaint are sufficient to warrant relief. Fed.R.Civ.P. 12(b)(6); *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). An examination of plaintiff's federal claims reveals inadequate facts to support the complaint. Thus, it appears that dismissal is the appropriate remedy.

### 1. *Copyright Infringement*

■ Plaintiff contends that the "technical objections raised by defendants to plaintiff's infringement claims are frivolous." (Plaintiff's Reply Memorandum of Law on Motion for Provisional Relief and Cross Motions to Dismiss, p. 3) This assertion is in blatant disregard of the recently enacted statute, 17 U.S.C. § 205(d) (Supp. I 1977) which provides in pertinent part:

(d) Recordation as Prerequisite to Infringement Suit.—No person claiming by virtue of a transfer to be the owner of copyright or of any exclusive right under a copyright is entitled to institute an infringement action under this title until the instrument of transfer under which such person claims has been recorded in the Copyright Office, but suit may be instituted after such recordation on a cause of action that arose before recordation.

Recordation of the exclusive copyright transfer between American Greetings and Nation's Choice is a jurisdictional prerequisite to maintenance of a copyright infringement action. *See Co-Opportunities, Inc. v. National Broadcasting Company, Inc.*, 510 F.Supp. 43, 48 (N.D.Cal.1981); *Ruskin v. Sunrise Management, Inc.*, 506 F.Supp. 1284, 1288 (D.Col.1981); and *Burns v. Rockwood Distributing Co.*, 481 F.Supp. 841, 847 (N.D.Ill.1979). Therefore, plaintiff's failure to comply with this condition precedent strips this court of subject matter jurisdiction over plaintiff's copyright claim.

■ Even assuming that plaintiff had complied with the proper procedural steps necessary to initiate this lawsuit, the complaint is so devoid of merit as to justify granting defendants' cross-motion to dismiss rather than ordering a dismissal without prejudice. Plaintiff has neither articulated the nature of its own copyright nor the nature of General Mills' infringement. Both companies have properly acquired exclusive licenses to reproduce the copyrighted Strawberry Shortcake characters and American Greetings, the owner of the copyright, is not alleging any infringement.[2] To substantiate their claim, plaintiff's must demonstrate improper appropriation or exploitation of their copyright, *Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972 (2d Cir.), *cert. denied*, 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980). Plaintiff does allege that defendants' "blatantly exploit[s] the vitamin supplement value of its children's cereal" (Plaintiff's Memorandum of Law in Support of Partial Summary Judgment and Preliminary Relief, p. 5), but can only point to the front panel of General Mills' cereal box to support this allegation. A mere statement describing the vitamin content of Strawberry Shortcake cereal, whether on the side or front panel of the cereal box, neither improperly infringes upon plaintiff's exclusive license nor does it extend the boundaries of General Mills' exclusive license. Without more, this count must be dismissed from plaintiff's complaint.

---

2. This raises the question as to whether plaintiff is even empowered to sue for infringement under its licensing agreement. My decision to dismiss the complaint obviates the need to resolve this issue.

## 2. Trademark Infringement

■ Defendant contends that registration of a trademark is a condition precedent to the filing of a trademark infringement claim. 15 U.S.C. § 1114(1)(a) (1976). However, plaintiff's complaint submits on information and belief that American Greetings did register the trademark (Plaintiff's Amended Complaint, ¶ 10). This being a motion to dismiss all facts alleged in the complaint are deemed admitted and the technical requirement does not bar plaintiff's action.

The question remains whether or not facts sufficient to support a trademark infringement claim are alleged. The Lanham Act, 15 U.S.C. § 1051 *et seq.*, explicitly states that infringement results when alleged infringer's use is "likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). The degree of confusion required

> . . . under both the Lanham Act and the common law, is the likelihood that the consuming public will be confused as to the source of the allegedly infringing product.

*American Footwear Corp. v. General Footwear Co. Ltd.*, 609 F.2d 655, 664 (2d Cir. 1979), *cert. denied*, 445 U.S. 951, 100 S.Ct. 1601, 63 L.Ed.2d 787 (1980). It is under this test that plaintiff's complaint falls. There can be no confusion to the public in the instant case when the source of the Strawberry Shortcake characters is the same. Furthermore, the products bearing the trademark are markedly different. It is clear from an examination of the packaging of both products that Nation's Choice is manufacturing a vitamin in accordance with its exclusive license and General Mills is marketing a cereal in compliance with its exclusive license. This fatal flaw in plaintiff's complaint warrants dismissal of the trademark infringement claim.

## 3. Price Discrimination

Plaintiff's final federal claim charges defendant American Greetings with unlawful price discrimination prohibited by Section 2(a) of the Robinson-Patman Antidiscrimination Act ["The Act"]. This statute provides in relevant part:

> (a) It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of *commodities of like grade and quality*, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States . . . and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them . . . .

(emphasis added). 15 U.S.C. § 13(a) (1976).

■ The license agreement entered into between Nation's Choice and American Greetings stated in paragraph nine that a royalty of six percent of the net selling price of all Strawberry Shortcake products sold by plaintiff is to be paid to American Greetings. The agreement between American Greetings and General Mills on the other hand provided for a royalty rate of only two percent (Defendants' Exhibit 1, Notice of Cross-Motion, ¶ 9). This discrepancy constitutes a sufficient fact to defeat a motion to dismiss only if the license agreements are deemed "commodities" of "like grade of quality" in satisfaction of 15 U.S.C. § 13(a). While both contracts grant exclusive licenses in Strawberry Shortcake characters, the disparate nature of the products involved removes the instant case from the purview of the Act. The essence of the statute in question is that a seller must treat competing purchasers equally. *FLM Collision Parts, Inc. v. Ford Motor Co.*, 543 F.2d 1019, 1024 (2d Cir. 1976), *cert. denied*, 429 U.S. 1097, 97 S.Ct. 1116, 51 L.Ed.2d 545 (1977). It does not appear that Nation's Choice and General Mills are in direct competition. The manufacture and marketing of cereals and vitamins are directed toward different

audiences. Plaintiff's failure to assert facts in support of a Section 2(a) violation mandates dismissal of this claim.

### III. *Pendent Jurisdiction*

█ Plaintiff's common law claims of unfair competition, tortious interference with contractual relations, breach of contract and material misrepresentations are all that remain for me to resolve.[3] These claims were pled in federal court under the doctrine of pendent jurisdiction. The exercise of this doctrine rests in this court's discretion. *United Mine Workers of America v. Gibb*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). It appears to be particularly imprudent here to decide plaintiff's state law claims because of the lack of sustaining federal claims. The district courts lack jurisdiction to dispose of state court claims after the federal claims have been dismissed prior to trial. *McLearn v. Cowen and Co. and Merrill Lynch Pierce Fenner and Smith, Inc.*, 660 F.2d 845 (2d Cir. 1981), (Lumbard, J.).

Accordingly, defendants' cross motions to dismiss plaintiff's complaint is granted.

SO ORDERED.

---

**3.** The ninth and final claim in plaintiff's amended complaint seeks a declaratory judgment extending the license agreement beyond its August 31, 1981 expiration date. A question of fact exists as to royalty payments required for any continuation of the agreement. As no basis for federal jurisdiction remains in this case, this common law claim is also dismissed.