The **PATCH FACTORY, INC.,** Plaintiff,

v.

Cecily **BRODER** and **Maxine Behrens** d/b/a Horizons and Ken Tribick & Associates, Inc., A Georgia Corporation, Defendants.

### Civ. A. No. C84–128A.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 20, 1984.

James A. Hinkle, Hinkle, Notte & Bianco, Stone Mountain, Ga., for plaintiff.

Wm. E. Otwell, Austell, Ga., for Ken Tribick Asso.

Edward F. McHale, Malin, Haley & McHale, Fort Lauderdale, Fla., for defendants.

### ORDER

ROBERT H. HALL, District Judge.

Presently pending before the court are defendants' motion to dismiss for lack of subject matter jurisdiction, plaintiff's motion for leave to amend its Complaint, and plaintiff's motion for joinder of an additional defendant. Plaintiff's suit, a copyright infringement action filed pursuant to 17

U.S.C. §§ 101 *et seq.* (the Copyright Act), concerns defendants' manufacture and sale of soft sculpture items allegedly identical to those marketed by plaintiff. This court has original jurisdiction over copyright actions under 28 U.S.C. § 1338(a).

## FACTS

Plaintiff manufactures and sells a soft sculpture known as "Hugachum Balloon with Basket." The sculpture, designed by Vivian Brown Peritts, is a copyrighted work, having been registered with the U.S. Copyright Office pursuant to 17 U.S.C. § 410(a).

On January 19, 1984, plaintiff filed the instant suit against defendant Horizons, Inc. and its sales representative, defendant Ken Tribick and Associates, Inc. In its Complaint, plaintiff states that its registration certificate establishes its exclusive copyright to the "Hugachum" artwork and that defendants' sale of similar items constitutes copyright infringement. Plaintiff seeks damages and an Order enjoining defendant from selling the allegedly infringing product.

## DISCUSSION

### A. *Defendants' Motion to Dismiss; Plaintiff's Motion to Amend*

Defendants move to dismiss plaintiff's Complaint on the ground that the court lacks subject matter jurisdiction because plaintiff has not alleged recordation of the exclusive copyright transfer from Peritts to plaintiff. Defendants contend that such an allegation is a jurisdictional prerequisite to this copyright infringement action, citing 17 U.S.C. § 205(d).

Section 205(d) of the Copyright Act, enacted in 1976, provides in pertinent part:

(d) Recordation as Prerequisite to Infringement Suit.

No person claiming by virtue of a transfer to be the owner of a copyright of any exclusive right under a copyright is entitled to institute an infringement action under this title *until the instrument of transfer under which such person claims has been recorded by the Copyright Office,* but suit may be instituted after such recordation on a cause of action that arose before recordation.

17 U.S.C. § 205(d) (Emphasis added). The words of this section explicitly mandate recordation of the transfer of rights in a copyright as a prerequisite for filing suit where such a transfer is the basis for the suit. It follows, then, that an allegation of recordation of transfer is a jurisdictional prerequisite to the institution of a copyright infringement action. *Accord, Nation's Choice Vitamin Co. v. General Mills, Inc.,* 526 F.Supp. 1014, 1017 (S.D.N.Y.1981); *Co-Opportunities, Inc. v. National Broadcasting Co., Inc.,* 510 F.Supp. 43, 48 (N.D.Cal.1981); *Ruskin v. Sunrise Management, Inc.,* 506 F.Supp. 1284, 1288 (D.Colo.1981); *Burns v. Rockwell Distributing Co.,* 481 F.Supp. 841, 847 (N.D.Ill.1979).

In the instant case, plaintiff's Complaint only alleges evidence of plaintiff's certificate of registration (dated June 6, 1983). (Complaint, ¶ 4). While the certificate refers to a written transfer agreement, it does not indicate that plaintiff recorded the transfer with the Copyright Office. Plaintiff concedes its failure to sufficiently allege this court's jurisdiction within the meaning of section 205(d) and seeks to cure this jurisdictional defect by amending its complaint to allege evidence of its March 9, 1984, filing of a transfer recordation application with the assignment document and required fees. Relying on 17 U.S.C. § 410(d), plaintiff asserts that *receipt* of these materials by the Copyright Office constitutes recordation for the purposes of 17 U.S.C. § 205(d), and that evidence of such receipt establishes this court's subject matter jurisdiction over this action.

Section 410(d) of the Copyright Act states that:

The effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration,

have all been received in the Copyright Office.

17 U.S.C. § 410(d). Plaintiff reasons that if the date of receipt of the relevant materials is the date of copyright registration, then the date of receipt of the required recordation documents and fees should also be considered the date of recordation of a transfer.

There is no question that leave to serve a supplemental pleading should be granted if it cures a jurisdictional defect. *Mathews v. Diaz*, 426 U.S. 67, 96 S.Ct. 1883 at 1889, 48 L.Ed.2d 478 (1976). However, in the instant case, plaintiff's proposed amendment will not cure the jurisdictional defect. The court rejects plaintiff's argument that date of receipt of the relevant recordation documents and fees constitutes recordation. The court does not here address the substantive or procedural requirements for recordation, but notes that receipt of a transfer recordation application does not mean the application is automatically approved; the Copyright Office may detect irregularities in the application to warrant denial of the requested recordation. As for plaintiff's analogy to 17 U.S.C. § 410(d) (the copyright registration provision), if Congress had intended for such a rule to apply to transfer recordation, it could have easily added a similar provision to 17 U.S.C. § 205(d), which it did not.

As it appears that plaintiff's proposed amendment would be futile, the court DENIES plaintiff's motion for leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED.

B) *Plaintiff's Motion for Joinder*

Plaintiff seeks to join Ken Tribick as a defendant in his individual capacity. In light of the court's dismissal of plaintiff's complaint, the motion for joinder is DENIED.

**CONCLUSION**

In sum, the court:

(1) GRANTS defendants' motion to dismiss and DISMISSES plaintiff's complaint without prejudice;

(2) DENIES plaintiff's motion for leave to amend;

(3) DENIES plaintiff's motion for joinder.