**CONAN PROPERTIES, INC., Plaintiff,**

v.

**MATTEL, INC., Defendant.**

**No. 84 Civ. 5799 (KTD).**

United States District Court,
S.D. New York.

Dec. 11, 1984.

Hopgood, Calimafde, Kalil, Blaustein & Judlowe, New York City, for plaintiff; Stephen B. Judlowe, Francis J. Murphy, Arthur M. Lieberman, David A. Kalow, New York City, of counsel.

Reavis & McGrath, New York City, for defendant; Stephen R. Steinberg, New York City, of counsel.

Welsh & Katz, Ltd., Chicago, Ill., for defendant; Ralph C. Dawson, New York City, A. Sidney Katz, Eric C. Cohen, Jacqueline A. Leimer, Chicago, Ill., of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, Conan Properties, Inc. ("CPI"), brings this action against defendant, Mattel, Inc. ("Mattel"), alleging copyright infringement, Lanham Act violations, unfair competition, dilution, breach of contract, and fraud and misrepresentation. Mattel moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff's amended complaint on several grounds, including (1) failure to plead compliance with statutory prerequisites of the 1976 Copyright Act; (2) failure to plead fully a cause of action under the Lanham Act; and (3) absence of jurisdiction over the state law claims.

The facts pertinent to the instant motion, as set forth in plaintiff's amended complaint, are as follows:

Robert E. Howard created the fictitious character CONAN THE BARBARIAN ("CONAN") sometime in the 1930's. The CONAN character is a fantasy figure with the ultimate body builder's body who lives in an imaginary place and time. CONAN was licensed to Lancer Books and Marvel Comics in the 1960's and 1970's. In 1977,

CPI was formed and became "the owner of all rights in CONAN, including all trademarks, copyrights, registered copyrights, characters and stories." [1] Amended Complaint, ¶ 6. Since the formation of CPI, CONAN has become increasingly popular and been the subject of comics, books, and movies.

In 1980, CPI, through its agent, Conan Licensing Company ("CLC"), began negotiations with Mattel regarding the possible licensing to Mattel of certain toy rights in CONAN. During this time, Mattel received a substantial quantity of material on the CONAN character. On July 31, 1981, CPI and Mattel executed a License Agreement whereby Mattel was granted "the right to make and sell certain plastic action figures of CONAN and ancillary characters as depicted in the CONAN movie." Amended Complaint, ¶ 12. The Agreement provided, however, "that nothing in the License should be construed as an assignment or grant to Mattel of any right, title or interest in or to CONAN, and that all rights relating thereto were reserved by CPI (except only for the license to use the property as specifically agreed to)." Amended Complaint, ¶ 14. It was also agreed that, after the termination of the License Agreement, Mattel would not make or sell any CONAN toys.

In January 1982, Mattel requested that the License Agreement be terminated. On April 14, 1982, CPI and Mattel entered into a termination agreement which provided that "all materials created and or developed by Mattel for use in connection with products under the CONAN License" would be delivered to CPI's agent, CPC, which would have "the exclusive right to use such material." Amended Complaint, ¶ 17.

In February 1982, Mattel introduced a fantasy character, "He-Man," as part of its new "Masters of the Universe" toy line of action figures. Since that time, Mattel has also featured He-Man and the other Masters of the Universe characters in, *inter alia,* a television series, comic books, and video tapes. Thereafter, CPI commenced this action asserting that these figures are copies of CONAN, were created under the License, and are CPI's property. Amended Complaint, ¶¶ 20, 21.

## DISCUSSION

### I.

In its first cause of action, CPI claims that Mattel has infringed plaintiff's copyrights in violation of 17 U.S.C. § 101 *et seq.* Defendant, however, contends that CPI is claiming ownership of copyrights by reason of a transfer and that proof of recordation of such a transfer is a jurisdictional prerequisite to a copyright infringement action. Defendant argues that because CPI has failed to provide proof of recordation of the transfer, the court does not have subject matter jurisdiction over plaintiff's copyright claim and must therefore dismiss it.

■ The statute defendants rely on in making the above argument is 17 U.S.C. § 205(d) which provides:

> Recordation as Prerequisite to Infringement Suit.—No person claiming by virtue of a transfer to be the owner of copyright or of any exclusive right under a copyright is entitled to institute an infringement action under this title until the instrument of transfer under which such person claims has been recorded in the Copyright Office, but suit may be instituted after such recordation on a cause of action.

The language of section 205(d) makes clear that if CPI were claiming to be the owner of the copyrights by virtue of a transfer, it would have to have recorded the transfer prior to instituting this action. CPI states, however, that it is not claiming by virtue of a transfer, but rather, on the basis of its

---

1. It should be noted that CPI does not explain how it came to acquire these rights. Nowhere in its Amended Complaint does CPI refer to a transfer from either Howard or Lancer Books and Marvel Comics. There is, however, a vague reference to CPI's "predecessors," but no indication as to who they might be. More significantly, there is no statement to the effect that a transfer of this type has been recorded in the Copyright Office.

**1182**

own authorship and in fact, nowhere in plaintiff's Amended Complaint does it state that it is claiming by virtue of a transfer. Consequently, section 205(d) is inapplicable to plaintiff's copyright claim and defendant's argument that this court does not have subject matter jurisdiction over that claim is without merit. The issue arises, however, whether plaintiff's copyrights are derivative works and thus only warranting limited protection. Defendant contends that because the CONAN character was originated by Robert Howard in the 1930's, CPI's copyrights are derivative works. I agree.

The statutory definition of "derivative work" is unambiguous. "A 'derivative work' is a work based upon one or more preexisting works...." 17 U.S.C. § 101. As CPI's copyrights are works which are based upon the preexisting work of Robert Howard, they are unquestionably derivative. Indeed, in its papers, CPI does not challenge the classification of its copyrights as "derivative works." CPI asserts, however, that even if the copyrights are derivative, it is the author of the copyrights and, as the author, it has, at least, "exclusive rights to the material contributions it made" to the works. Plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss Amended Complaint, 3.

The relevant statutory section, provides in part:

> The copyright in a ... derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material.

17 U.S.C. § 103(b). Thus, CPI's copyrights in their derivative works may not be protected beyond the extent of CPI's own material contributions. Any preexisting material CPI used in the works is unprotected. The issue of what portion of the copyrighted works is CPI's own contribution and what portion is preexisting material is, however, a question of fact to be resolved at trial.

II.

In order to proceed in its copyright infringement action, plaintiff is required to comply with the statutory requirement that all copyrights be registered. *See* 17 U.S.C. § 411(a) (no action shall be instituted until registration of the copyright claim has been made in accordance with this title). Without registration of the copyrights the suit is barred and absent an allegation that the copyrights have been registered the complaint is defective. *See Charron v. Meaux, et al.,* 60 F.R.D. 619, 624 (S.D.N.Y. 1973).

Defendant asserts that, although CPI has attached copies of eight copyright registrations to its Amended Complaint, these are all copyrights for comic books. CPI has not alleged that it owns registered copyrights for books or films or comic books (in addition to the eight registrations attached to the Amended Complaint). Thus, defendant argues, CPI's claims of infringement of copyrights, other than the claims relating to the attached registrations, should be dismissed.

Although recitation of the fact that copyrights have been registered appears to be a mere technicality, it is a prerequisite to this court's jurisdiction. Accordingly, the motion to dismiss plaintiff's copyright infringement claims with respect to books, films, and comic books, other than those which are the subject of the registrations attached to the Amended Complaint, is granted without prejudice to plaintiff's filing a second amended complaint within twenty days of the filing of this order. If, in fact, the copyrights have been registered, the defect in the Amended Complaint can be cured simply by filing a second amended complaint, which relates back to the commencement of the action, and which includes a recitation that the registration requirement has been satisfied. *See Roth Greeting Cards v. United Card Co.,* 429 F.2d 1106, 1109 (9th Cir.1970); *Charron v. Meaux, et al.,* 60 F.R.D. at 624. This second amended complaint should include, at

the least, the registration numbers of all copyrights allegedly infringed.

## III.

Defendant also seeks dismissal of CPI's copyright infringement, Lanham Act, unfair competition, and dilution claims on the grounds that the Amended Complaint is vague and indefinite and fails to allege that defendant's goods affect interstate commerce. I find no merit to either of these allegations. Defendant has attempted to create ambiguities where none exist. Plaintiff's Amended Complaint clearly sets forth the challenged claims and provides fair notice of what they entail. In addition, paragraphs 18 and 19 of the Amended Complaint contain sufficient facts from which an interstate effect can readily be inferred.[2] The Supreme Court stated in *Conley v. Gibson:*

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.... The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

355 U.S. 41, 47–48, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957). Thus, defendant's motion to dismiss CPI's Amended Complaint for failure to adequately plead copyright infringement, violation of the Lanham Act, unfair competition, and dillution is denied.

## IV.

Defendant next argues that CPI has failed to plead its fraud and misrepresentation claim with sufficient particularity. I agree. Rule 9(b) of the Federal Rules of

Civil Procedure provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In essence, CPI's Amended Complaint merely states in conclusory fashion that Mattel's termination of the License Agreement shortly after the Toy Fair indicates that Mattel must have acted in bad faith when it entered the Agreement. No details are provided regarding the substance or circumstances of the misrepresentations. Plaintiff fails to allege what the misrepresentations were, who made them, or when and where they were made.

A complaint will satisfy the requirements of Rule 9(b) if it specifies the following:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) the same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants "obtained as a consequence of the fraud."

*Todd v. Oppenheimer & Co., Inc., et al.,* 78 F.R.D. 415, 420–21 (S.D.N.Y.1978) (quoting *Gross v. Diversified Mortgage Investors,* 431 F.Supp. 1080, 1088 (S.D.N.Y. 1977)). Simply concluding, as CPI has done, that Mattel must have made misrepresentations at some time given its eventual actions of terminating the License Agreement is clearly insufficient under Rule 9(b). Accordingly, plaintiff's fraud and misrepresentation claim is dismissed without prejudice to plaintiff's filing a properly pleaded second amended complaint within twenty days of the filing of this order.

Finally, as federal claims against defendant still remain, this court has pendant jurisdiction over CPI's remaining re-

---

**2.** For example, plaintiff alleges that "[a]t the Toy Fair in February 1982, Mattel introduced the 'Masters of the Universe' line of action figures, ...." Amended Complaint, ¶ 18. The Toy Fair is "the major *national* toy show of the

year." Plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss Amended Complaint at 7, (emphasis added). Thus, it cannot be disputed that defendant's goods affect interstate commerce.

lated state law claims of unfair competition, dilution, and breach of contract. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

In sum, defendant's motion to dismiss plaintiff's copyright infringement claims, other than those claims for infringement of the eight registered copyrights attached to the Amended Complaint, is granted without prejudice to plaintiff's filing a second amended complaint within twenty days of the filing of this order. Similarly, defendant's motion to dismiss plaintiff's fraud and misrepresentation claim is also granted without prejudice to a second amended complaint being filed within twenty days of this order's filing. Defendant's remaining motions to dismiss are denied.

SO ORDERED.