**RAFFOLER, LTD., Plaintiff,**

v.

**PEABODY & WRIGHT, LTD., Helen White, Inc., John Ihle and Goran Thulin, Defendants.**

No. CV 86–4103.

United States District Court,
E.D. New York.

Oct. 8, 1987.

Morett & Hock, P.C. by Alan S. Hock, Hempstead, N.Y., for plaintiff.

Koritz & Fuller by Bjorn Koritz, New York City, for defendants.

WEXLER, District Judge.

Plaintiff Raffoler, Ltd. ("Raffoler"), a mail order company which relies primarily upon printed advertisements to generate business, brings this action for copyright infringement against defendants Peabody and Wright, Ltd. and Helen White, Inc., other companies in the mail order industry, and against John Ihle and Goran Thulin, officers of both companies. Plaintiff's complaint alleges that, since August 1986, defendants have repeatedly violated 17 U.S.C. § 501 by substantially copying plaintiff's copyrighted advertisements. Plaintiff also asserts that defendants' publication of the infringing advertisements caused public confusion resulting in the wrongful belief that plaintiff is the source of defendants' advertised products, thereby violating § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff also presents to this Court its state law claims of unfair competition arising out of defendants' same acts, pursuant to the principles of pendent jurisdiction.

Defendants now move to dismiss the complaint. For the reasons stated below, the motion to dismiss is denied.

Raffoler's advertisements, which are used to generate mail order sales of varied, unrelated products, make use of the same rhetorical question, "Why are we giving away _____ for only $_____?" as their title, followed by the phrase "This is NOT a misprint" or "Hard to believe, but true." Information about the company, instructions, and terms of purchase are almost identical from ad to ad. The advertisements are essentially uniform in style with the same layout, variation of print styles for different parts of the ads, and ordering of its components. Plaintiff's ads vary only as to the price, description, and accompanying photo or drawing of the particular product. The ads end with a mailing address using the company name and a box number to a local address.

Defendants' purported infringing ads are entitled with the rhetorical question, "Why are we giving away/offering _____ for only $_____?", followed by "This is NOT a misprint" and "Hard to believe, but true." Defendants give information about their company, their terms of and instructions for purchase, and an individualized description of the product, including a picture or sketch. Their ads end with mailing directions which include the company name and box number to a local address.

## I.

■ Defendants Ihle and Thulin move to dismiss the complaint for insufficient service of process on them as individual parties to the suit. As a result of a pretrial conference, defendants in the instant case entered into a stipulation, so ordered by the Court and dated December 18, 1986, which included in relevant part, "Defendants hereby ... accept service of process of the summons and complaint and the order to show cause, together with supporting documents thereto." The parties are bound by the stipulation and may not contradict its terms. *Perry v. Winspur,* 782 F.2d 893 (10th Cir.1986); *see Cech v. Moore–McCormick Lines, Inc.,* 294 F.2d 584 (2d Cir. 1961); *see also* 3 J. Moore, *Moore's Federal Practice* ¶ 16.19 at 16–63 (2d ed. 1985). Consequently, even if Ihle and Thulin had a meritorious contention that process was insufficiently served under Fed.R.Civ.P. 5(b), they have effectively waived their right to assert that claim by entering into the stipulation.

## II.

### A.

Defendants move to dismiss plaintiff's copyright infringement causes of action on the ground that they fail to state a claim as provided in 17 U.S.C. § 501, and thereby also fail to establish federal subject matter jurisdiction under 28 U.S.C. § 1338.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spaulding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Furthermore, when a defendant seeks to dismiss a complaint, the Court is restricted to evaluating the legal sufficiency of the pleadings. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The motion is addressed to the face of the pleadings and the Court may look only within the four corners of the complaint or to statements or documents attached as exhibits to or clearly incorporated by reference in the pleadings. Fed.R.Civ.P. 10(c); *Goldman v. Belden,* 754 F.2d 1059 (2d Cir.1984); *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774 (2d Cir. 1984). On a motion to dismiss, material allegations of the complaint, along with reasonable inferences that might be drawn in the plaintiff's favor, are taken as admitted for the purpose of deciding the motion. *Gargiul v. Tompkins,* 704 F.2d 661 (2d Cir.1983), *vacated on other grounds,* 465 U.S. 1016, 104 S.Ct. 1263, 79 L.Ed.2d 670 (1984); *Murray v. City of Milford,* 380 F.2d 468 (2d Cir.1967).

■ To prove copyright infringement under 17 U.S.C. § 501, the plaintiff must establish ownership and validity of the copyright as well as unauthorized copying by the defendant. *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.,* 780 F.2d 189, 228 U.S. P.Q. 423 (2d Cir.1985); *Eckes v. Card Prices Update,* 736 F.2d 859, 222 U.S.P.Q. 762 (2d Cir.1984). Defendants challenge the validity of the copyright, claiming that the advertisements in question are not worthy of copyright protection because their components, *e.g.,* the slogans, title, layout, etc. could not be individually protected. The Court rejects this contention.

■] Advertisements are generally capable of receiving copyright protection, provided that their material is otherwise copyrightable and falls within one of the categories of copyrightable subject matter set forth in 17 U.S.C. § 102.[1] *Fabrica Inc.*

---

1. 17 U.S.C. § 102 provides:

(a) Copyright protection subsists, in accordance with this title, in original works of au-

*v. El Dorado Corp.*, 697 F.2d 890, 894, 217 U.S.P.Q. 698 (9th Cir.1983); *Brattleboro Publishing Co. v. Winmill Publishing Corp.*, 369 F.2d 565 (2d Cir.1966); *Excel Promotions Corp. v. Babylon Beacon, Inc.*, 207 U.S.P.Q. 616, 619 (E.D.N.Y.1979). Dissection of the material to determine its copyrightability is inappropriate; that determination must be made by an assessment of the work as a whole, not of its component parts, since there is no requirement that each part be capable of individual copyright protection. *Apple Barrel Productions, Inc. v. R.D. Beard*, 730 F.2d 384, 387–88, 222 U.S.P.Q. 956 (5th Cir. 1984); *H.M. Kolbe Co. v. Armgus Textile Co.*, 315 F.2d 70, 72, 137 U.S.P.Q. 9 (2d Cir.1963); *see also Baldwin Cooke Co. v. Keith Clark, Inc.*, 383 F.Supp. 650, 183 U.S.P.Q. 209 (N.D.Ill.), *aff'd per curiam*, 505 F.2d 1250 (7th Cir.1974) (planning calendar was copyrightable as an entity although components of it were not individually copyrightable). It is the original skill or labor involved in creating a work which may render it protectable by copyright even if its components are not copyrightable. *M. Kramer Mfg. Co. v. Andrews*, 783 F.2d 421, 440 (4th Cir.1986); *Apple Barrel*, 730 F.2d at 388; *Roy Export Co. Estab. of Vaduz v. Columbia Broadcasting System*, 672 F.2d 1095, 1103 (2d Cir.), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982). The original intellectual effort required for copyrightability may be manifested by the arrangement of the materials to create a whole work. *M. Kramer Mfg. Co.*, 783 F.2d at 439; *H.M. Kolbe Co.*, 315 F.2d at 72; *see also Gordon v. Weir*, 111 F.Supp. 117, 122, 97 U.S.P.Q. 387 (E.D. Mich.1953), *aff'd*, 216 F.2d 508, 104 U.S. P.Q. 40 (6th Cir.1954) (advertisements showing original method of expression or

arrangement are copyrightable). In the instant case, plaintiff is claiming copyright protection for its advertisements in their entirety, not for the individual slogans "This is NOT a misprint" or "Hard to believe, but true," or for their repeatedly used title, posing a rhetorical question. Plaintiff's copyright claim is for any original effort and creativity used in the selection and arrangement of the parts which comprise plaintiff's ads.

■ Furthermore, it is the mode of expression of Raffoler's sales message that is being afforded copyright protection, not the content of the message itself. What is copyrightable about a work is not its idea, but the tangible expression of that idea. *Wainwright Securities, Inc. v. Wall Street Transcript Corp.*, 558 F.2d 91, 95, 194 U.S.P.Q. 401 (2d Cir.1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 759 (1978); *Reyher v. Children's Television Workshop*, 533 F.2d 87, 90–91 (2d Cir.), *cert. denied*, 429 U.S. 980, 97 S.Ct. 492, 50 L.Ed.2d 588 (1976); *Past Pluto Prods. Corp. v. Dana*, 627 F.Supp. 1435, 1441 (S.D.N.Y.1986). Plaintiff's copyrighted advertisements, "Why are we giving away SOLEX Electric Toothbrush Sets For Only $3?" and "Why Are We Giving Away Famous Nationally Advertised KNOXX World Clocks for only $5" convey the idea that buying mail order from plaintiff provides the consumer with merchandise at a great value. Plaintiff claims copyright protection for its method of embodying that idea, not the idea itself. Plaintiff relies upon its distinct and original combination of slogans (e.g., "This is NOT a misprint"), general advertising copy (e.g., "As part of a nationwide publicity campaign"), title phrased in the form of a rhetorical

thorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include the following categories:
(1) literary works;
(2) musical works, including any accompanying words;
(3) dramatic works, including any accompanying music;
(4) pantomimes and choreographic works;
(5) pictorial, graphic, and sculptural works;
(6) motion pictures and other audiovisual works; and
(7) sound recordings.
 (b) In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

question, and the arrangement of words and illustrations of the marketable item, to form essentially the same advertisement each time. For each ad, Raffoler changes only the copy particular to that merchandise (name of the product, its price and description), thereby conveying the sales pitch each time using the same means of expression.

### B.

 Defendants also argue that because plaintiff did not comply with the recordation requirement set forth in 17 U.S.C. § 205(d), plaintiff cannot bring suit for copyright infringement. Recordation of an exclusive copyright transfer is a jurisdictional prerequisite to maintenance of a copyright infringement suit. 17 U.S.C. § 205(d); *Patch Factory, Inc. v. Broder,* 586 F.Supp. 132, 223 U.S.P.Q. 1156 (N.D. Ga.1984); *Nation's Choice Vitamin Co. v. General Mills, Inc.,* 526 F.Supp. 1014, 1017, 216 U.S.P.Q. 1017 (S.D.N.Y.1981). The statute requires that, in order to sue for infringement, a person claiming copyright ownership by virtue of a transfer officially record the instrument of transfer with the Copyright Office. However, in the cases cited above, the plaintiffs claimed ownership of the copyright by virtue of a transfer. In contrast, in the present complaint Raffoler claims ownership as creator and designer of the advertisements. The recordation requirement of 17 U.S.C. § 205(d) is inapplicable when a claimant is basing his claim on his own authorship. *Conan Properties v. Mattel, Inc.,* 601 F.Supp. 1179, 1181–2, 226 U.S.P.Q. 265 (S.D.N.Y.1984).

Defendants argue that plaintiff claimed copyright ownership through transfer, and that this is evinced by plaintiff's completion of section 4 of the copyright registration application under the word "transfer." As a written instrument that is an exhibit to

the pleadings, the form is considered part of the pleadings and may be considered along with them for purposes of this motion. Fed.R.Civ.P. 10(c). However, the Court holds that plaintiff was clarifying rather than contradicting its claim to authorship, by making a good faith attempt to be complete and accurate by explaining the chain of title to the then uncopyrighted advertisements. Plaintiff complied with the instructions on the form which read, "Transfer: If the claimant(s) named here in space 4 are different from the authors named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright." Raffoler used that space to explain that it had obtained ownership of the ads through a corporate merger with DME, of which the initial author, Abernathy and Closther, was a division.

 Having obtained ownership of the copyrighted materials through a corporate merger which took place prior to the initial registration of the copyrights, Raffoler did not actually effect a "transfer of copyright" within the meaning of the statute. "Transfer of copyright ownership" is defined by statute as "[A]n assignment, mortgage, exclusive license, or any other conveyance, alienation, hypothecation of a copyright or of any of the exclusive rights comprised in a copyright." 17 U.S.C. § 101. Plaintiff's corporate merger falls into none of these categories.[2] Since plaintiff does not claim ownership of the copyright by virtue of a "transfer of copyright," and has in fact achieved ownership of the materials by virtue of a corporate merger effected prior to the copyright registration, the recordation requirement of 17 U.S.C. § 205(d) does not apply.

### C.

Defendants also challenge plaintiff's copyright infringement claims by arguing that the advertisements in question are not

---

**2.** Under New York State Law, when a merger is effected, all property and assets of each of the constituent corporations vests in the surviving corporation without further acts or deeds. N.Y. Bus.Corp.Law § 906(b)(2); *Chatham Corp. v. Argonaut Insurance Co.,* 334 N.Y.S.2d 959, 70 Misc.2d 1028 (Sup.Ct.Nassau Co.1972). Plaintiff

company, incorporated under the laws of the State of New York, participated in a corporate merger which involved absorbing DME, of which Abernathy and Closther was a division. Plaintiff company thereby acquired all assets of DME automatically, including ownership of the original advertisements.

original works, but are actually derivative of prior uncopyrighted ads published by plaintiff, and that plaintiff may not sue for infringement of those prior ads because they were not registered. Plaintiff, however, is not suing for infringement of the prior, published, but purportedly unregistered ads; the complaint clearly states that plaintiff is suing for infringement of the current ads that are registered pursuant to 17 U.S.C. § 411.

Defendants also argue that even if plaintiff is suing for infringement of the registered ads, they are derivative rather than original works, and therefore the material alleged to have been infringed upon is not protectable. The scope of copyright protection for derivative works differs from that afforded to original works. The copyright protection of a derivative work extends only to the material contributed by that author to that work; it does not extend to any preexisting material employed in that work. 17 U.S.C. § 103(b); *Conan Properties*, 601 F.Supp. at 1182. However, the classification of a work as derivative is an issue of fact. *Reyher*, 533 F.2d at 90. For a work to be derivative within the meaning of the copyright statute, it must have been substantially copied from a prior work, *id.*, 1 M. Nimmer, *Nimmer on Copyright*, 3.01 (1987), and that determination is one for the factfinder. *Reyher*, 533 F.2d at 90. Since the classification of the works in question is a factual allegation of the complaint, it must be accepted for purposes of this motion. Accordingly, the Court will not dismiss the claim on this basis.

### D.

Defendants next argue that since the products they offer for sale are not interchangeable with plaintiff's, plaintiff's copyrights, even if valid, have not been infringed upon. Since it is only the manner

of expression of plaintiff's message that is being protected by its copyrights, the fungibility of the products offered for sale have no bearing upon the copyrightability of the material.

### E.

Defendants' argument that plaintiff is entitled neither to statutory damages nor attorney's fees is not appropriately raised on a motion to dismiss. If and when infringement is judicially established, there will be several possible remedies, at law and in equity, available to plaintiff. Plaintiff has stated a claim for which relief is available under the federal copyright statute, whether or not statutory damages or attorney's fees are available. Accordingly, the Court will not consider those issues on this motion.

### III.

Defendants also move to dismiss plaintiff's claim of false designation of origin, pursuant to § 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a)[3], for failure to state a claim. The Court finds defendants' arguments on this point to be uniformly without merit.

Defendants' contention that no likelihood of confusion exists between their advertisements and those used by plaintiff asks the Court to consider questions of fact inappropriate for consideration on a motion to dismiss. Likelihood of public confusion is a factual issue. *Walker v. Time Life Films, Inc.*, 615 F.Supp. 430, 440, 227 U.S.P.Q. 698 (S.D.N.Y.1985), *aff'd*, 784 F.2d 44 (2d Cir.), *cert. denied*, — U.S. ——, 106 S.Ct. 2278, 90 L.Ed.2d 721 (1986). The complaint sufficiently alleges that the public has come to know and associate the copyrighted ads with plaintiff as the source of the goods, and that the public has been and will continue to be confused as to the origin of

---

**3.** Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) states in relevant part: "Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods to enter into commerce ... shall be liable to a civil action ... by any person who believes that he is or is likely to be damaged by the use of any such false description or representation."

defendants' goods. These factual allegations, since they are contained in the complaint, must be taken as true for the purposes of defendants' Rule 12(b)(6) motion. In addition, courts have held that likelihood of confusion as to origin may arise from a representation which although technically correct, creates a false impression. *Gilliam v. American Broadcasting Companies, Inc.*, 538 F.2d 14, 24, 192 U.S.P.Q. 1 (2d Cir.1976); *see Rich v. RCA Corp.*, 390 F.Supp. 530 (S.D.N.Y.1975); *G.R.I. Corp. v. Golden Fifty Pharmaceutical Co., Inc.*, 185 U.S.P.Q. 674, 679 (N.D.Ill.1975). In the instant case, defendants' use of their own corporate names and mailing addresses does not, contrary to defendants' contention, in and of itself prevent public confusion as to the origin of their goods.

The Court also rejects defendants' argument that there can be no claim for unfair competition since the goods being offered for sale by the parties are dissimilar. The Second Circuit has explicitly stated, "A claim of 'passing off' or 'palming off' may be established even if the goods are not confusingly similar; the wrong is in the misrepresentation of a common source." *Warner Bros. v. American Broadcasting Companies*, 720 F.2d 231, 247, 222 U.S.P.Q. 101 (2d Cir.1983). The Lanham Act deals with a particular type of unfair competition, the kind resulting from the use of another's trademark or trademark-like quality [4] so as to confuse or mislead the public as to the source or origin of the goods involved in interstate commerce. *Bernard Food Industries v. Dietene Co.*, 415 F.2d 1279, 163 U.S.P.Q. 264 (7th Cir. 1969), *cert. denied*, 397 U.S. 912, 90 S.Ct. 911, 25 L.Ed.2d 92 (1970). The dissimilarity of the goods being offered by the parties is irrelevant. Plaintiff itself offers varied merchandise, so that the public is not associating the plaintiff with a particular product but rather with its individualized style and expression of advertising. Therefore, the non-fungibility of plaintiff's and defendants' products does not by itself prevent confusion about their origin. Defendants' motion to dismiss the false designation of origin claims is therefore denied.

## IV.

Lastly, defendants move to dismiss plaintiff's state law claims of unfair competition, arguing that those claims are preempted pursuant to 17 U.S.C. § 301. 17 U.S.C. § 301 preempts any state created legal or equitable rights that are "equivalent" to those rights provided for in 17 U.S.C. § 106.[5] Raffoler's state law claims, however, are not equivalent to the claims Raffoler alleges under federal copyright law and thus are not preempted by 17 U.S.C. § 301.

The Second Circuit has construed 17 U.S.C. § 301 as outlining a two pronged test to determine whether a state claim is preempted under the Copyright Act. The threshold question is whether the work is within the subject matter of copyright; the second inquiry addresses whether the rights granted by the state law are equivalent to the rights protected by the

---

4. Violation of 15 U.S.C. § 1125(a) is not exclusive to infringement of registered trademarks; it requires, rather, that potential confusion or deception of the public threaten those economic interests analogous to those protected by trademark law. *M. Kramer Mfg. Co. v. Andrews*, 783 F.2d 421, 228 U.S.P.Q. 705 (4th Cir.1986); *Ives Laboratories, Inc. v. Darby Drug Co.*, 601 F.2d 631, 641–42, 202 U.S.P.Q. 548 (2d Cir.1979).

5. 17 U.S.C. § 106 provides:
 Subject to sections 107 through 118, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
 (1) to reproduce the copyrighted work in copies or phonorecords;

(2) to prepare derivative works based upon the copyrighted work;
(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; and
(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly.

Copyright Act. State claims are not preempted under 17 U.S.C. § 301 when a violation of the state law requires acts other than, or additional to, those acts which would violate the Copyright Act. *Harper and Row Publishers, Inc. v. Nation Enterprises,* 723 F.2d 195, 200, 200 U.S.P.Q. 321 (2d Cir.1983), *rev'd on other grounds,* 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985); *Ronald Litoff, Ltd. v. American Exp. Co.,* 621 F.Supp. 981, 985, 228 U.S. P.Q. 739 (S.D.N.Y.1985). The Second Circuit has held that, "[T]o the extent that plaintiffs are relying on [New York S]tate unfair competition law to allege a tort of 'passing off' they are not asserting rights equivalent to those protected by copyright and therefore do not encounter pre-emption." *Warner Bros. v. American Broadcasting Companies,* 720 F.2d at 247; *see also* 1 Nimmer, *supra* at 1.01[B][1]. Plaintiff sufficiently alleges the likelihood of public confusion and deception to support a well-pleaded complaint of unfair competition based on "passing off." Consequently, the Court holds that these claims do not allege violation of rights equivalent to those protected by the Copyright Act and thus are not preempted.

## V.

In summary, defendant's motion to dismiss the complaint is denied on all grounds.

The Court also denies the requests of both parties for sanctions against each other and for the payment of attorney's fees.

SO ORDERED.