896 F.Supp. 141 (1995)
Richard P. HAVENS, Plaintiff,
v.
TIME WARNER, INC., Atlantic Records Corporation, Warner Bros., Inc., Warner Home Video, Inc., Defendants.
No. 94 Civ. 2144 (PKL).
United States District Court, S.D. New York.
August 17, 1995.
Jacques Catafago, Law Offices of Jacques Catafago, New York City, for plaintiff.
Denis H. Tracey, Davis, Scott, Weber & Edwards, P.C., New York City, for defendants.

*142 MEMORANDUM ORDER

LEISURE, District Judge:
This is an action for copyright infringement and violations of New York State law. Plaintiff is singer Richard P. Havens (p/k/a "Richie Havens") ("Havens"). Defendants are Time Warner, Inc. ("Time Warner") and its corporate subsidiaries Warner Bros., Inc. ("Warner Bros."), Atlantic Records Corporation ("Atlantic"), and Warner Home Video (collectively, "Warner"). Havens' principal contention is that Warner has exceeded the scope of a license that Havens granted Warner to reproduce and distribute his performance of the songs, "Handsome Johnny" and "Freedom," at the renowned Woodstock Music and Arts Fair in Bethel, New York on August 15, 1969 ("Woodstock"). The action arises under the Copyright Act of 1976, 17 U.S.C. § 101, et seq. ("the Copyright Act"). This Court has exclusive original jurisdiction over the copyright claims pursuant to 28 U.S.C. § 1338(a)[1] and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.
Warner has moved for summary judgment on a variety of grounds. One of these is Warner's argument that Havens' copyright claims should be dismissed because he has failed to prove that he owned registered copyrights in "Freedom" and "Handsome Johnny" at any time relevant to his claims. "Summary judgment may be granted if, upon reviewing the evidence in the light most favorable to the non-movant, the court determines that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Richardson v. Selsky, 5 F.3d 616, 621 (2d Cir.1993). In deciding the motion, "the court is required to draw all factual inferences in favor of the party against whom summary judgment is sought." Balderman v. U.S. Veterans Admin., 870 F.2d 57, 60 (2d Cir.1989). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion" and identifying the materials in the record that "it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once a motion for summary judgment is properly made and supported, however, the burden shifts to the nonmoving party to "`set forth specific facts showing that there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)).
As the Second Circuit has explained:
The legal or beneficial owner of an exclusive right under a copyright is entitled to bring actions for infringements of that right occurring during the period of its ownership.... [T]he Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf.
ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971, 980 (2d Cir.1991) (citing 17 U.S.C. § 501(b)) (citations omitted). Furthermore, the Copyright Act provides: "no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Thus, "[i]n order to proceed in [a] copyright infringement action, plaintiff is required to comply with the statutory requirement that all copyrights be registered." Conan Properties, Inc. v. Mattel, Inc., 601 F.Supp. 1179, 1182 (S.D.N.Y.1984) (citation omitted); see also Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 (S.D.N.Y.1992), aff'd without op., 23 F.3d 398 (2d Cir.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 365, 130 L.Ed.2d 318 (1994). "Without registration of the copyrights the suit is barred and absent an allegation that the copyrights have been registered the complaint is defective." Conan, 601 F.Supp. at 1182 (citation omitted). "A certificate of registration of copyright constitutes prima facie evidence of the validity of the copyright." Princess Fabrics, Inc. v. CHF, Inc., 922 F.2d 99, 102 (2d Cir.1990) (citing 17 U.S.C. § 410(c)). However, "[i]n *143 order to bring suit for copyright infringement, it is not necessary to prove possession of a registration certificate. One need only prove payment of the required fee, deposit of the work in question, and receipt by the Copyright Office of a registration application." See Apple Barrel Productions, Inc. v. Beard, 730 F.2d 384, 386 (5th Cir.1984).
The Court finds that Havens has failed to proffer evidence from which the trier of fact could reasonably conclude that he was ever the legal or beneficial owner of "Handsome Johnny" or that he was the legal or beneficial owner of "Freedom" at any time relevant to his claims. Havens has further failed to allege registration of copyrights in either composition[2] and, with respect to "Handsome Johnny," has failed to proffer evidence from which the trier of fact could reasonably conclude that he paid the registration fees or deposited the composition with the copyright office, or that the copyright office received his registration application.
Instead, despite Warner's argument in its moving papers that this action must be dismissed because Havens does not own registered copyrights in the compositions, Havens has proffered only two privately conducted copyright screening searches in support of his claims. See Affidavit of Jacques Catafago in Opposition to Motion for Summary Judgment, Exhibit F. The search with respect to "Handsome Johnny" indicates that the composition was registered for copyright as an unpublished work in the name of Unart Music Corp. and that the assignment records of the Copyright Office contain numerous recorded instruments with respect to the composition, which are notable only for the fact that none of them purports to assign any right with respect to the composition to Havens. Havens' action with respect "Handsome Johnny" must therefore be dismissed, with prejudice, because, in the face of defendants' summary judgment motion, Havens has proffered no evidence that he has ever owned a registered copyright in "Handsome Johnny."
The search with respect to "Freedom" indicates that the composition was registered for copyright as an unpublished work in the name of Richard P. Havens, June 11, 1970. However, the search also identified several instruments of record, the first dated August 19, 1982, in connection with a musical composition of the same title that was not further identified. The search was therefore unable to confirm whether any of the recorded instruments actually referred to the song entitled "Freedom" that is at issue here. Under the circumstances, Havens has failed to proffer evidence from which the trier of fact could reasonably conclude that Havens was the legal or beneficial owner of "Freedom" at any relevant time.[3] However, because it appears possible that Havens owned "Freedom," before as well as after August 19, 1982, and in the interest of justice, the Court will dismiss Havens' action with respect to "Freedom" without prejudice, subject to Havens' production within 30 days from the date of this order of admissible evidence from which the trier of fact could reasonably conclude that he owned "Freedom" at any relevant time and subject to Havens' amendment of his complaint to allege registration as required by law.

CONCLUSION
Havens' First Amended Complaint is HEREBY DISMISSED WITH PREJUDICE as to federal copyright claims that concern the song "Handsome Johnny." Havens' First Amended Complaint is HEREBY DISMISSED WITHOUT PREJUDICE as *144 to federal copyright claims that concern the song "Freedom." Within 30 days from the date of this Order, Havens shall, if he is able, produce admissible evidence from which the trier of fact could reasonably conclude that Havens' owned a registered copyright in "Freedom" at any time relevant to his claims and shall amend his complaint to allege registration as required by law. With respect to Havens' state law claims, the Court declines to exercise supplemental jurisdiction over them on the present record, see 28 U.S.C. § 1367(c)(3). Havens' state law claims are therefore HEREBY DISMISSED WITHOUT PREJUDICE; they may be reinstated, if Havens complies with the foregoing.
Warner's summary judgment motion is HEREBY GRANTED as to Havens' federal copyright claims with respect to "Handsome Johnny" and is otherwise HEREBY DENIED WITHOUT PREJUDICE. Warner may renew its summary judgment motion, if Havens purports to comply with the foregoing; and Warner may renew its motion for attorney's fees, in any event.
SO ORDERED.
NOTES
[1] 28 U.S.C. § 1338(a) provides: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases."
[2] Havens alleges only: "Both `Handsome Johnny' and `Freedom' are copyright by the plaintiff herein." First Amended Complaint ¶ 29.
[3] For example, the first recorded instrument described in the search is dated August 19, 1982 and memorializes a "Blanket Collateral Assignment of Copyrights" from "United Artists Corporation to Bank of America National Trust and Savings Association." The search states, with respect to this instrument, that "No titles are given in this document." If the instrument, in fact, concerns the song entitled "Freedom" that is at issue here, and if the assignment memorialized by the instrument, in fact, works a transfer of copyright ownership, then the instrument would imply that Havens had previously transferred the copyright's ownership in an unrecorded instrument. This possibility calls into question Havens' ownership of "Freedom" prior to August 19, 1982, as well after that date.