**Rene SANTRAYALL, et al., Plaintiffs,**

**v.**

**Kirk BURRELL, et al., Defendants.**

**No. 91 Civ. 3166(PKL).**

United States District Court, S.D. New York.

Jan. 15, 1998.

Cowan, Liebowitz & Latman, P.C. (Richard S. Mandel, Jonathan Z. King, of counsel), New York City, for plaintiffs.

Pryor, Cashman, Sherman & Flynn (Andrew S. Bart, Perry M. Amsellem, Ilene S. Farkas, of counsel), New York City, for defendants Kirk Burrell p/k/a M.C. Hammer, Bust It Publishing, Bustin' Management, Inc., a/k/a Bust It Management/Productions, Capitol Records, Inc. and Pepsico Inc.

Hawkins, Feretic, Daly & Maroney (Barry K. Myrvold, of counsel), New York City, for defendant Jack Schwartz Shoes, Inc. d/b/a British Knights.

## OPINION AND ORDER

LEISURE, District Judge.

Defendants Kirk Burrell, p/k/a M.C. Hammer ("Hammer"), Bust It Publishing, Bustin' Management, Inc., a/k/a Bust It Management/Productions, Capitol Records, Inc. and Pepsico Inc. move this Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, based on alleged omissions on copyright registration forms. Plaintiffs oppose the motion for summary judgment, and move *in limine* to preclude defendants from introducing at trial evidence of the facts surrounding these alleged omissions. For the reasons stated below, the defendants' motion is denied and the plaintiffs' motion is granted.

## BACKGROUND

Plaintiffs Rene Santrayll and Michael Walker comprise "The Legend" a rap music group that holds the copyright to two versions of the same composition. The first version is entitled "In Full Effect" and the second is entitled "Uh–Oh". "Uh–Oh" is only a minor revision of "In Full Effect", and for purposes of this motion the two are interchangeable ("Plaintiffs' Song"). Plaintiffs' Song contains a constantly-repeated chorus of the phrase "Uh–Oh" sung in a distinctive syncopated rhythm with an alternating two-note musical pattern. This pattern is designed to be the "hook" of the Plaintiffs' Song; that is, the distinctive element of Plaintiffs' Song.

Hammer is an internationally famous rap star. In 1990, following the creation of Plaintiffs' Song, Hammer wrote and recorded "Here Comes the Hammer" (Defendant's Song). Defendant's Song, featuring a distinctive repeated chorus of "Uh–Oh" as its hook, became a huge hit single from the wildly successful "Please Hammer, Don't Hurt 'Em" album. Defendant's Song was so popular, in fact, that defendants Pepsico, Inc. and Jack Schwartz Shoes, Inc. d/b/a British Knights used the "Uh–Oh" chorus of Defendant's Song in television advertisements for their products.

Santrayll and Walker, along with Eric Colodne, d/b/a Bara Joy Music Company, allege

that Hammer infringed on the copyright held by plaintiffs. The defendants seek summary judgment on the theories of unclean hands and fraud on the United States Copyright office. In Plaintiffs' Song, plaintiffs "sampled" (incorporated portions of another song directly into theirs) guitar riffs from a song titled "Back In Love" by the group LTD, copied a melodic line from "Everything She Wants" by George Michael, and used portions of the theme from the television show "S.W.A.T."[1] Santrayll and Walker admit that they did not disclose the use of these prior works to the Copyright Office in their registration applications. The defendants claim that these omissions render the copyrights for Plaintiffs' Song incapable of enforcement and that defendants therefore are entitled to summary judgment. Plaintiffs argue that the Court should preclude the introduction of any facts surrounding plaintiffs' alleged omissions under Rules 401, 402, and 403 of the Federal Rules of Evidence.

## DISCUSSION

### I. *Standard for Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, it is this Court's responsibility "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir.1986). Nonetheless, summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477

U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Id.* 477 U.S at 325 (internal citations omitted). "The burden on the moving party may be discharged by showing ... that there is an absence of evidence to support the non-moving party's case." *Id.* (internal citations omitted). The burden of demonstrating the existence of a genuine issue of material fact then shifts to the non-moving party. *See Id.* at 322–23. The non-moving party may not rely solely on its pleadings nor on conclusory factual allegations in satisfying this burden. *See Gray v. Darien*, 927 F.2d 69, 74 (2d Cir.1991). The non-moving party instead must offer specific evidence supporting its claim that there exists a genuine issue of material fact. *See Celotex*, 477 U.S. at 324. In demonstrating that the factual issue in dispute is "genuine", the non-moving party must offer evidence to allow a reasonable jury to return a verdict in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### II. *Unclean Hands and Fraud on the Copyright Office*

Where an individual obtains a certificate of registration from the Copyright office, such certificate "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). However, a certificate of registration does not create an irrebuttable presumption of copyright validity. *See Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir.1980). In fact, the failure to alert the Copyright office of relationships between the work for which registration is sought and prior works of others specifically endangers the presumption of validity. *See Past Pluto Productions Corp. v. Dana*, 627 F.Supp. 1435, 1440 n. 5 (S.D.N.Y. 1986).

---

1. The portions of the "S.W.A.T." theme song appear only in the first version of Plaintiffs' Song.

When a claimant fails to advise the Copyright Office of the reliance upon the work of another, the claimant does not afford the Office the fair opportunity to pass upon the question of originality in relation to the prior work. *See Knickerbocker Toy Co. v. Winterbrook Corp.*, 554 F.Supp. 1309, 1318 (D.N.H. 1982). Additionally, the Second Circuit has held that "the knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute[s] reason for holding the registration invalid and thus incapable of supporting an infringement action . . ., or denying enforcement on the ground of unclean hands." *Eckes v. Card Prices Update*, 736 F.2d 859, 861–62 (2d Cir.1984) (quoting *Russ Berrie & Co., Inc. v. Jerry Elsner Co.*, 482 F.Supp. 980, 988 (S.D.N.Y.1980)).

█ Defendants claim both unclean hands and fraud on the Copyright office, doctrines that are very similar. Under the doctrine of fraud on the Copyright office, the presumption of validity may only be overcome by proof of deliberate misrepresentation. *See Fonar Corp. v. Domenick*, 105 F.3d 99, 105 (2d Cir.), *cert. denied*, — U.S. ——, 118 S.Ct. 265, 139 L.Ed.2d 191 (1997). In contrast, omissions that are inadvertent or innocent will not result in the invalidation of a copyright. *See Eckes*, 736 F.2d at 861. "The defense of unclean hands in copyright actions is recognized only rarely, when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action." *Broadcast Music, Inc. v. Hearst/ABC Viacom Entertainment Servs.*, 746 F.Supp. 320, 329 (S.D.N.Y.1990) (quoting 3 M. Nimmer, *Nimmer on Copyright*, § 13.09[B] at 13–145 (1988)).

Defendants contend that because Santrayll and Walker admitted in deposition testimony that they utilized the works of other artists, this constitutes a knowing failure to advise the Copyright Office of facts that might have led to the rejection of the application. This argument fails for two reasons: (1) a reasonable jury could conclude that the omissions by Santrayll were not deliberate misrepresentations, and therefore lacked the requisite scienter, and (2) the prior works played such a minor role in Plaintiffs' Song that the unauthorized use could not possibly have led the Copyright office to reject the applications.

## A. *Plaintiffs' Scienter*

█ While the deposition testimony of Santrayll and Walker gives strong indication that the plaintiffs were aware of the need to obtain authorization for the use of the works of another, contrary indications of their scienter exist. The alleged omissions occurred in the early 1990's, when the concept of "sampling" was just gaining popularity. The music industry was slow to adopt standards for the copyrighting of material containing samples from other works, and confusion existed as to what disclosures the law required. At this point, there simply is not sufficient evidence to state as a matter of law that plaintiffs' failures have sufficient scienter to rise to the level of "deliberate misrepresentation". Therefore, the Court cannot grant summary judgment.

## B. *Magnitude of the Omissions*

█ "The amount of creativity required for copyright protection of a (work) is decidedly small." *Lipton v. The Nature Co.*, 71 F.3d 464, 470 (2d Cir.1995). "Original, as the term is used in copyright, means only that the work was independently created by the author . . . and that it possesses at least some minimal degree of creativity." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Examination of the Plaintiffs' Song indicates beyond a shadow of a doubt that the work, other than the unauthorized parts, contain original portions. The prior works comprise only a very minor part of Plaintiffs' Song, and the remaining original portions are entitled to copyright protection. The Court determines that disclosure of the omissions would not cause the Copyright Office to consider rejecting the application, which not only requires denial of the defendants' motion for summary judgment, but renders the affirmative defense of fraud on the Copyright office inappropriate. Along the same lines, the Court determines that the plaintiffs' omissions in their registration application are not transgressions of serious proportions. Accordingly, the affirmative

defense of unclean hands is likewise inappropriate for this proceeding.

### III. *Plaintiffs' Motion to Preclude Evidence of Copying by Plaintiffs*

■ Plaintiffs move this Court to preclude defendants from introducing any evidence relating to the unauthorized use of prior works of other artists in Plaintiffs' Song. Plaintiffs base their motion on Rules 401, 402, and 403 of the Federal Rules of Evidence, arguing that the proposed evidence is irrelevant to this action and that its probative value is substantially outweighed by its prejudicial effect.

This is a copyright infringement action based on the hook "Uh–Oh" in Plaintiffs' Song. Plaintiffs allege that defendant Hammer infringed on their copyright by using the same "Uh–Oh" as the hook of Defendant's Song. The incidents of unauthorized copying by plaintiffs in Plaintiffs' Song comprise but a small part of Plaintiffs' Song as a whole. Therefore, this Court determines, supra, that these instances are not of such a serious nature that the defendants could sustain their affirmative defenses of unclean hands and fraud on the Copyright Office.

F.R.E. 401 states:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

F.R.E. 402 further provides:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Since the plaintiffs' alleged omissions in the copyright registration are insufficient as a matter of law to serve as the basis of the affirmative defenses of unclean hands and fraud on the Copyright Office, proof of the facts surrounding these omissions is not of consequence to the determination of this action. Therefore, the evidence is not relevant and is inadmissible. The Court precludes the defendants from seeking to introduce evidence of copyright infringement by the plaintiffs.

### CONCLUSION

For the reasons stated above, defendants' motion for summary judgment is HEREBY DENIED and plaintiffs' motion *in limine* to preclude the introduction of evidence concerning copyright infringement by plaintiffs is HEREBY GRANTED.

**SO ORDERED.**