**Yoko Ono LENNON, Plaintiff,**

v.

**Frederic SEAMAN, Defendant.**

**No. 99 Civ. 2664(LBS).**

United States District Court,
S.D. New York.

Feb. 15, 2000.

Amy J. Lippman, Rubin, Baum, Levin, Constant & Friedman, New York City, for plaintiff.

Moira A. Crouch, New York City, for defendant.

## MEMORANDUM AND ORDER

SAND, District Judge.

In an earlier opinion, this Court addressed various motions brought by the Defendant seeking a dismissal of the Complaint. *See Lennon v. Seaman,* 63 F.Supp.2d 428 (S.D.N.Y.1999). The factual and procedural background of this case is fully set forth in that opinion, *see id.* at 431–32, and familiarity with it is presumed. The Court denied most of the Defendant's motions, granting only Defendant's motions to dismiss the ninth, tenth, and eleventh causes of action, and granting in part motions to dismiss the seventh and eighth causes of action. *See id.* at 448–49.

Two issues were raised in our earlier opinion, but left unresolved. The first concerns allegations that the Defendant infringed Plaintiff's copyright in certain unidentified items as to which Plaintiff neither owns a registered copyright nor has applied for one. (*See* Second Am. Complaint ("Complaint") at ¶¶ 51–52.) Because we were not clear as to the basis upon which Plaintiff believes that jurisdiction over those claims exists, we declined to address the issue in our earlier opinion. *See Lennon,* 63 F.Supp.2d at 433. The second unresolved question concerned the Plaintiff's fifth cause of action, which alleges fraud on the Copyright Office. (*See* Complaint at ¶¶ 64–68.) Although we denied Defendant's motion to dismiss that claim on statute of limitations grounds, *see Lennon,* 63 F.Supp.2d at 445, we raised *sua sponte,*[1] a question as to whether that claim was ripe for adjudication and requested briefing on that subject.

Having received additional briefing, we now conclude that the Court lacks jurisdiction to decide Plaintiff's claims of infringement of a copyright in unidentified items, and that Plaintiff's fraud on the Copyright Office claim is not ripe. We therefore dismiss those portions of Plaintiff's third, fourth, and sixth causes of action that allege an infringement of Plaintiff's copyright in unidentified items, and dismiss Plaintiff's fifth cause of action, alleging fraud on the Copyright Office, in its entirety.

### I. UNIDENTIFIED ITEMS

Section 101 of the Copyright Act of 1976, Pub.L. No. 94–553, 90 Stat. 2583 (codified at 17 U.S.C. §§ 101–803 (1996)),

---

[1] "Because the 'ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction,' the court can raise it sua sponte...." *Thomas v. City of New York,* 143 F.3d 31, 34 (2d Cir.1998) (quoting *Reno v. Catholic Soc. Servs., Inc.,* 509 U.S. 43, 58 n. 18, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993)).

requires that an action for infringement may not be brought "until registration of the copyright claim has been made...." 17 U.S.C.A. § 411(a) (West 1999). In addition, if an application for copyright registration has been filed, jurisdiction exists while the application is pending. *See Lennon*, 63 F.Supp.2d at 432. That either a copyright must be registered or an application brought is a jurisdictional prerequisite to the filing of an infringement action. *See Demetriades v. Kaufmann*, 680 F.Supp. 658, 661 (S.D.N.Y.1988); *Wales Indus., Inc. v. Hasbro Bradley, Inc.*, 612 F.Supp. 510, 515 (S.D.N.Y.1985); *Conan Properties, Inc. v. Mattel, Inc.*, 601 F.Supp. 1179, 1182 (S.D.N.Y.1984); *Techniques, Inc. v. Rohn*, 592 F.Supp. 1195, 1197 (S.D.N.Y.1984); *accord M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 & n. 4 (11th Cir.1990).

Plaintiff's first cause of action alleges an infringement of Plaintiff's copyright in six photographs that Defendant displayed during an appearance on a 1999 television program on The Fox Family Channel ("the Fox Photographs"). (*See* Complaint at ¶ 39–41, 25.) The second cause of action alleges infringement of Mrs. Lennon's rights to the photographs published in Defendant's book, *The Last Days of John Lennon*, as well as 332 additional photographs that Plaintiff knows to be in the Defendant's possession. (*See* Complaint at ¶ 45–47, 26.) There is no dispute as to this Court's jurisdiction over those two causes of action and, in our prior opinion, we denied Defendant's motion to dismiss them pursuant to the doctrine of laches. *See Lennon*, 63 F.Supp.2d at 438–39. Plaintiff's third cause of action, however, alleges copyright infringement with respect to the same items identified in the second cause of action, but also includes an allegation that "[u]pon information and belief, defendant has infringed plaintiff's copyright to other photographs, videotapes or depictions of or including the Lennon Family or any member thereof...." (Complaint at ¶ 52.) Plaintiff now informs the Court that the allegations regarding "other pho-

tographs, videotapes, or depictions," were "intended to cover items owned by Mrs. Lennon ... which defendant continues to possess, and which plaintiff anticipates she will learn of only on a piecemeal basis through the discovery process." (Pls. Mem. at 3.) The fourth and sixth causes of action seek declaratory and injunctive relief with respect to all of the items identified in the first three causes of action. (*See* Complaint at ¶¶ 55–63, 69–75.)

We believe that the plain implication of § 101 of the Copyright Act is that we lack jurisdiction over Plaintiff's claims of infringement of copyrights in items the existence of which she has not yet discovered. The statute enumerates several exceptions to the registration requirement. *see* 17 U.S.C.A. §§ 411(a)-(b) (West 1999), but failure to discover the items is not one of them. *See id.* Plaintiff argues that we should nevertheless exercise jurisdiction over those claims because the Defendant "should not benefit from his apparent refusal to fully disclose ... each and every item relating to the Lennons which he continues to possess...." (Pl.'s Mem. at 4.) But refusing to exercise our copyright jurisdiction over unidentified items will not benefit the Defendant. It is well settled that a plaintiff may amend an infringement complaint to include allegations regarding items discovered subsequent to the filing of the complaint. *See Demetriades*, 680 F.Supp. at 661; *Conan Properties*, 601 F.Supp. at 1182 ("If, in fact, the copyrights have been registered, the defect in the Amended Complaint can be cured simply by filing a second amended complaint, which relates back to the commencement of the action...."); *Frankel v. Stein and Day, Inc.*, 470 F.Supp. 209, 212 n. 2 (S.D.N.Y.1979) (citing additional cases), *aff'd*, 646 F.2d 560 (2d Cir.1980). Although Plaintiff suggests that it might be inconvenient to amend her complaint repeatedly, we cannot manufacture jurisdiction out of a desire to relieve a party of an inconvenience. We therefore dismiss those portions of Plaintiff's third, fourth,

and sixth causes of action that relate to unidentified "photographs, videotapes or depictions."

## II. FRAUD ON THE COPYRIGHT OFFICE

One of the photographs that Plaintiff has identified, and for which she has obtained a registered copyright, (*see* Complaint at ¶ 33), is a photograph picturing John Lennon "with his son Sean, with their backs to the camera, overlooking a beach in Bermuda," (*id.* at ¶ 28) (the "Box Set Photograph"). Plaintiff's fifth cause of action alleges that, notwithstanding Mrs. Lennon's ownership of a registered copyright for the Box Set Photograph, the Defendant has filed an application for copyright registration of the same item. (*See id.* at ¶¶ 65–66.) In that application, according to Plaintiff, the Defendant falsely claimed that the photograph was not work made for hire, and that he was the owner of the photograph. (*See id.* at ¶ 66.) The Complaint alleges that those willful misstatements constitute a fraud on the Copyright Office entitling Plaintiff to declaratory and injunctive relief. (*See* Complaint at ¶ e(1), e(2) (seeking a declaration that Mrs. Lennon is the rightful owner of the copyright and an order directing the Register of Copyright to deny Defendant's application, respectively).)

An allegation of fraud on the Copyright Office is typically brought in an infringement action as an affirmative defense to the enforcement of a registered copyright certificate. *See, e.g., Santrayall v. Burrell,* 993 F.Supp. 173, 175 (S.D.N.Y.1998); *O.T. Pickell Builders, Inc. v. Witowski,* No. 96 C 4233, 1998 WL 664949, at *5 (N.D.Ill. Sept. 16, 1998) ("A claim of fraud on the Copyright Office typically is asserted as a defense in a copyright infringement action."). The existence of a certificate of copyright registration creates a rebuttable presumption that a copyright is valid. *See Whimsicality, Inc. v. Rubie's Costume Co., Inc.,* 891 F.2d 452, 455 (2d Cir.1989) (citing 17 U.S.C. § 410(c) (1982); *Durham Indus., Inc. v. Tomy Corp.,* 630 F.2d 905, 909 (2d Cir.1980)); *Santrayall,* 993 F.Supp. at 175. Establishing that the certificate was obtained through fraud, however, overcomes that presumption. *See Santrayall,* 993 F.Supp. at 173 (citing *Past Pluto Productions Corp. v. Dana,* 627 F.Supp. 1435, 1440 n. 5 (S.D.N.Y.1986)).

■ A party seeking to establish a fraud on the Copyright Office, and thereby rebut the presumption of copyright validity, bears a heavy burden. *See* 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.20[B] at 7–207 (1997). The party asserting fraud must establish that the application for copyright registration is factually inaccurate, that the inaccuracies were willful or deliberate, *see Whimsicality,* 891 F.2d at 455; *Santrayll,* 993 F.Supp. at 176 (citing *Fonar Corp. v. Domenick,* 105 F.3d 99, 105 (2d Cir.1997)), and that the Copyright Office relied on those misrepresentations, *see O.T. Pickell,* 1998 WL 664949, at *5. Moreover, some courts have also required a party alleging fraud on the Copyright Office to prove that it has been prejudiced, or suffered some damage, as a result of the alleged fraud. *See S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081, 1086 (9th Cir.1989); *Beloit Corp. v. C3 DataTec, Inc.,* No. 93–C–447, 1995 WL 674602, at *10 (E.D.Wis. Aug. 23, 1995), *aff'd,* 78 F.3d 586 (7th Cir.1996); *Franklin v. Ciroli,* 865 F.Supp. 940, 943 (D.Mass. 1994); *cf. Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 38 n. 8 (S.D.N.Y.1992) (noting that allegations of fraud on the Copyright Office require proof of all the elements of common law fraud—material misrepresentation, scienter, reliance, and damages), *aff'd,* 23 F.3d 398 (2d Cir.1994).[2]

---

**2.** Some courts have also required allegations of fraud on the Copyright Office to comply with the heightened pleading requirements that the Federal Rules impose for fraud claims. *See* Fed.R.Civ.P. 9(b); *see also Thom-*

*son Info. Services, Inc. v. Lyons Commercial Data, Inc.,* No. 97 Civ. 7716, 1998 WL 193236, at *1 (S.D.N.Y. April 21, 1998); *Michael Anthony Jewelers, Inc. v. Peacock Jewelry, Inc.,* 795 F.Supp. 639, 649 (S.D.N.Y.1992).

In this case, Plaintiff alleges fraud on the Copyright Office not as a defense to the enforcement of a copyright, but as a cause of action seeking injunctive and declaratory relief. (*See* Complaint at ¶¶ 64–68, e(1)-(2)). However, Plaintiff filed her Complaint before the Copyright Office has taken any action with respect to the Defendant's allegedly fraudulent application. As there has not yet been any possible reliance on the allegedly false statements contained in that application, Plaintiff's fraud allegation is not yet fit for "judicial decision," *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), *overruled on other grounds, Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), and is therefore not ripe. *See Marchi v. Bd. of Co-op. Educational Services of Albany*, 173 F.3d 469, 478 (2d Cir.) (citation omitted), *cert. denied*, —— U.S. ——, 120 S.Ct. 169, 145 L.Ed.2d 143 (1999); *Air Espana v. Brien*, 165 F.3d 148, 151–52 (2d Cir.1999); *Nutritional Health Alliance v. Shalala*, 144 F.3d 220, 226 (2d Cir.), *cert. denied*, 525 U.S. 1040, 119 S.Ct. 589, 142 L.Ed.2d 532 (1998); *Thomas*, 143 F.3d at 34. Moreover, in light of the fact that one of the functions of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in ... administrative policies, and ... to protect the agencies from judicial interference until an administrative decision has been formalized ...," *Abbott Laboratories*, 387 U.S. at 148, 87 S.Ct. 1507, we are particularly convinced that Plaintiff's claim is premature at this time. *Cf. DSC Communications Corp. v. Pulse Communications, Inc.*, 170 F.3d 1354, 1368 (Fed.Cir.) (dismissing "copyright misuse" claim on ground that such a claim was principally a defense to copyright enforcement and inappropriately brought when copyright claims had been dismissed), *cert. denied*, —— U.S. ——, 120 S.Ct. 286, 145 L.Ed.2d 240 (1999); *Thomas*, 143 F.3d at 35 (finding challenge to taxi and limousine commission's licensing scheme to be unripe when no plaintiff had yet been denied a license) (citing *Coffran v. Bd. of Trustees*, 46 F.3d 3 (2d cir.1995) (per curiam)); *Cablevision Sys. Dev. Co. v. Motion Picture Ass'n of America, Inc.*, 836 F.2d 599, 615 (D.C.Cir.1988) (dismissing on ripeness grounds a challenge to Copyright Office policy before that policy had been formalized in a final agency action).

We recognize that, in some circumstances, courts have permitted preenforcement review of an agency decision when withholding court consideration would cause a hardship to the parties. *See Abbott Laboratories*, 387 U.S. at 149, 87 S.Ct. 1507; *Thomas*, 143 F.3d at 35; *see also Nutritional Health Alliance*, 144 F.3d at 226 ("Ripeness properly should be understood as involving the question of when may a party seek preenforcement review of a statute or regulation.") (quoting Erwin Chemerinsky, *Federal Jurisdiction* § 2.4, at 115) (internal quotation marks omitted).[3] However, no such hardship exists here. Plaintiff explains, in response to our invitation for further briefing, that she is injured by Defendant's fraudulent application in that the Defendant might seek to enforce a copyright in the Box Set Photograph, others might erroneously believe that the Defendant possesses the copyright and opt not to contract with her, and the general public might access Defendant's application in the Copyright Office's files. (*See* Pl.'s Mem. at 5–7.) But each of those injuries are hypothetical; they have not yet occurred.[4] *Cf. Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140

---

3. "This occurs principally when an individual would, in the absence of court review, be faced with a choice between risking likely criminal prosecution entailing serious consequences, or foregoing potentially lawful behavior." *Thomas*, 143 F.3d at 35.

4. Plaintiff points out that Defendant has asserted a counterclaim for copyright infringement in a related action, based on his pending, allegedly fraudulent, application. (*See* Pl.'s Mem. at 5.) This is not, however, an injury suffered by the Plaintiff, since she is not a party to that related action.

L.Ed.2d 43 (1998) (for a case or controversy to exist, "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.") (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)) (internal quotation marks omitted). Moreover, those injuries will fail to materialize once ownership of the copyright is judicially determined. Because that issue will be decided pursuant to Plaintiff's second cause of action, alleging that Defendant infringed her copyright in, *inter alia,* the Box Set Photograph, there is no hardship in denying Plaintiff an opportunity to present her fraud claim at the present time.

### CONCLUSION

Plaintiff's third, fourth, and sixth causes of action are dismissed for lack of jurisdiction to the extent that they involve unidentified items as to which Plaintiff does not own a registered copyright and has not applied for copyright registration. Plaintiff's fifth cause of action is dismissed in its entirety on ripeness grounds. Both dismissals are without prejudice. Plaintiff may amend her complaint, at an appropriate time, to include infringement allegations regarding items she might discover in the future and to include an allegation of fraud on the Copyright Office if it becomes ripe for decision.

SO ORDERED.