**CORBIS CORPORATION, Plaintiff,**

v.

**UGO NETWORKS, INC., et al., Defendants.**

**No. 04 Civ. 2480(JSR).**

United States District Court, S.D. New York.

June 28, 2004.

**521**

Andrew Baum, Darby & Darby, P.C., Eric A. Prager, New York City, John W. Branch, Darby & Darby P.C., Seattle, WA, for Plaintiff.

Kenneth L. Bressler, Nixon Peabody, L.L.P., Kenneth L. Bressler, Nixon Peabody LLP, Jason David Sanders, Cowan, Liebowitz & Latman, P.C., Patrick Thierry Perkins, Fross Zelnick Lehrman & Zissu, P.C., New York City, for Defendants.

## *MEMORANDUM*

RAKOFF, District Judge.

By Order dated June 23, 2004 ("June 23 Order"), the Court, *inter alia,* granted the defendants' motion to dismiss those federal copyright claims in the Complaint that alleged infringement of visual images as to which plaintiff's applications for copyright registration were pending but not yet approved or disapproved by the Copyright Office. This Memorandum briefly elaborates the reasons for that portion of the Court's June 23 Order.

Section 410 of the Copyright Act gives the Copyright Office the power to examine a depositor's application for copyright registration and then either to register the

copyright (and issue a certificate to confirm same) or to refuse to do so. Specifically, section 410 provides that:

> When, after examination, the Register of Copyrights determines that, in accordance with the provisions of this title, the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of this title have been met, the Register shall register the claim and issue to the applicant a certificate of registration under the seal of the Copyright Office. The Certificate shall contain the information given in the application, together with the number and effective date of the registration.

17 U.S.C. § 410.

The next section of the Copyright Act, section 411(a), sets forth the jurisdictional pre-requisites to a federal action for copyright infringement as follows:

> [N]o action for infringement of the copyright in any United States work shall be instituted *until registration of the copyright claim has been made in accordance with this title.* In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form *and registration has been refused,* the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a) (emphasis supplied).

▌ The combination of sections 410 and 411 thus make plain that the federal district courts do not have jurisdiction over a claim for federal copyright infringement until the Copyright Office has either approved or refused the pending application for registration. Numerous courts in this District (as elsewhere) have so held. *See, e.g., City Merchandise, Inc. v. Kings Over-*

*seas Corp.*, 2001 WL 286724 (S.D.N.Y. 2001); *U–Neek, Inc. v. Wal–Mart Stores, Inc.*, 147 F.Supp.2d 158, 169 (S.D.N.Y. 2001); *Tuff–N–Rumble Mgmt., Inc. v. Sugarhill Music Publ'g Inc.*, 49 F.Supp.2d 673 (S.D.N.Y.1999); *Noble v. Town Sports Int'l, Inc.*, 1998 WL 43127 (S.D.N.Y.1998); *National Ass'n of Freelance Photographers v. Associated Press*, 1997 WL 759456 (S.D.N.Y.1997); *Robinson v. Princeton Review*, 1996 WL 663880, at *7 (S.D.N.Y. 1996); *Demetriades v. Kaufmann*, 680 F.Supp. 658 (S.D.N.Y.1988).[1]

■ Plaintiff's principal response, *see* transcript, 6/22/04, is to argue that the aforementioned construction of sections 410 and 411 is contradicted, or at least rendered problematic, by the language of a still earlier section of the Copyright Act, section 408(a), which provides that "the owner of copyright or of any exclusive right in the work may obtain registration of the copyright claim by delivering to the Copyright Office the deposit specified by this section, together with the application and fee specified by [other sections.]" 17 U.S.C. § 408. Contrary to plaintiff's argument, however, nothing in this language suggests that registration is obtained simply by filing the deposit, application, and fee, for if that were the case the verb would be "shall obtain." Instead, the actual verb—"may obtain"—shows that the deposit, application and fee are simply preliminary to another step, *i.e.*, the approval or refusal described in section 410.[2]

■ Accordingly, this Court lacks subject matter jurisdiction over any images

embraced in plaintiff's Complaint that, even though the subject of pending applications for registration, have not been either approved or refused for registration by the Copyright Office.

SO ORDERED.

---

1. While a few courts in this District have held to the contrary, *see, e.g., EPM Communications Inc. v. Notara, Inc.*, 2000 WL 1154315 (S.D.N.Y.2000); *Lennon v. Seaman*, 63 F.Supp.2d 428, 432 (S.D.N.Y.1999); *Havens v. Time Warner Inc.*, 896 F.Supp. 141 (S.D.N.Y.1995), their holdings to this effect are entirely conclusory and thus fail to pro-

vide any reason for ignoring the plain language of sections 410 and 411.

2. Still other objections based on other provisions of section 408 have similarly been rejected. *See, e.g., Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529, 1531 (11th Cir.1994).